STEPHEN ARCHER, appellant, *v.* DANIEL BOGUE, appellee.

*Appeal from Kane.*

Under the statute of 1838-9, entitled *"An Act to amend the several laws in relation to practice in Courts of Law,"* &c., the assignee is not required to prove the assignment of a promissory note, unless the same is denied by affidavit. The act applies to suits before justices of the peace, as well as to actions in the Circuit Courts.

Where A and P contracted with B, to perform certain labor, and A paid him in part therefor: *Held,* that A alone could not maintain an action against B, to recover damages for a failue to perform the contract; that the contract was joint, and that suit must be brought in the name of A and P.

THIS cause was heard in the Court below, at the August term, 1841, before the Hon. Thomas Ford.

O. Peters and B. F. Fridley, for the appellant:

1. Under the statute of 1838–9, p. 27, § 2, the assignment of a note is a fact to be put in issue by plea verified by affidavit. The term plea in this section of the act, is used in a technical sense; and as there is no plea or pleading, in its just sense, before a justice of the peace, the legislature could not have intended to extend the remedy to suits commenced before a justice, and the assignment must be proved in the same manner as if the statute had not been passed.

The evidence did not prove an assignment. Promising to pay a note does not admit the execution of the endorsement.

Suppose the note, when procured, had contained no assignment, such promise would not have enabled the plaintiff below to maintain his action upon it.

2. It was clearly wrong to give judgment for the damages for not breaking the prairie.

The contract was not made by Archer with Bogue alone, but with Bogue and Peck. The right of action accrued, if at all, to Bogue and Peck, and they should have joined in their action to recover the damages; and this may be taken advantage of at the trial. 1 Chit. Plead. 14, 487.

L. Trumbull and W. D. Barry, for the appellee, cited Breese 96; 1 Scam. 211; 15 Wend. 187.

Treat, Justice, delivered the opinion of the Court: (1)

An action was brought by Bogue against Archer, before a *justice of the peace*, and taken to the Circuit Court. It was there tried by the Court, and a bill of exceptions taken embodying all of the evidence. Bogue claimed to recover on a note and an account. He produced a note for $30, made by Archer to one Chipman, purporting to be assigned to Bogue, and introduced some testimony for the purpose of proving the genuineness of the assignment; to which Archer objected, but his objection was overruled, and the note and evidence admitted. The fact of the assignment was not denied by the affidavit of Archer.

The proof in relation to the account was, that in 1838, a parol agreement was made by Archer with Bogue and one Peck, by which Archer was to break sixty acres of prairie for them, on land jointly possessed by them, for which he then received a pair of horses owned by Bogue as payment for the breaking of thirty acres, and was to receive $105 in money, for the remaining thirty acres, as soon as Bogue and Peck could send to Ohio and obtain it; Archer to break as much of the prairie that season, as his team would permit. He did break twenty acres, but did nothing more, and no money was ever paid him. The breaking of

(1) Caton, Justice, having been of counsel in this cause, gave no opinion.

the prairie was worth $3 per acre. The account was for damages sustained by Bogue, by reason of the failure of Archer to break the balance of the thirty acres. The Court decided that Bogue was entitled to recover $30, the amount of the note, and an equal amount for damages occasioned by the failure of Archer to perform the contract, and rendered judgment for $60.

To reverse this judgment, Archer brings an appeal, and assigns for error,

*First.* The Court erred in admitting the evidence relating to the assignment of the note ;

*Second.* In rendering judgment for Bogue.

Upon the first assignment of error, we do not deem it necessary to look into the testimony admitted relative to the note, as the question of assignment was not in issue. The second section of the "*Act to amend the several laws in relation to practice in Courts of Law*," &c., approved March 2d, 1839, (1) provides that in actions by the assignee upon instruments assignable by law, the plaintiff shall not be bound to prove the signature of the assignor, unless the fact of the assignment be put in issue by plea, verified by the affidavit of the defendant, or some credible person, stating that he verily believes the facts stated in the plea to be true. The trial in the Court below was had after the passage of this act, but it is insisted that its provisions do not extend to actions before justices of the peace, inasmuch as the pleadings in such cases, are *ore tenus*, and not in writing. The section before referred to has been generally considered, and we think correctly, as applicable to actions before justices of the peace. Its object is to relieve the plaintiff from the burthen of proving the handwriting of the assignor, where the defendant does not deny this particular fact by affidavit. It is only when this denial is interposed, that the *onus probandi* lies on the plaintiff. It cannot, we think, be successfully contended, that the legislature intended to require greater strictness of proof, in suits before justices of the peace, than in cases in the Circuit Courts. The laws conferring jurisdiction on justices of the peace, and regulating the proceedings to be had before them, show satisfactorily that no such discrimination was intended. The defendant may plead to the action in the one case as well as in the other, the only difference being, that before the justice of the peace his plea is made orally, while in the Circuit Court it is in writing. The affidavit of the defendant, denying the genuineness of the assignment, in so certain a manner, that if false, perjury can be assigned upon it, fully answers the requirements of the law. The assignment of the note not being in issue, the evidence introduced was wholly unnecessary, and the defendant cannot complain of its admission.

Upon the second assignment of error, we are of the opinion the Court erred in allowing Bogue to recover damages for the failure

(1) Laws of 1838-9, 271.

of Archer to perform the contract. The contract was a joint one with Bogue and Peck, and they should join in any action brought to enforce it, or to recover damages for a failure to comply with its term. The fact of the payment by Bogue, did not authorize him to sever the contract, and bring the action in his own name. As to Archer it was a joint payment, and if he had completed the contract, he would be required to join both Bogue and Peck, in an action brought to recover the balance to be paid.

For this error, the judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings consistent with this opinion.

<em>Judgment reversed.</em>